**Billy H. HILL, Petitioner,**

v.

**Ray ROBERTS, et al., Respondents.**

No. 90–3320–S.

United States District Court,
D. Kansas.

May 19, 1992.

Billy H. Hill, pro se.

Melanie S. Jack, Kansas Bureau of Investigation, Topeka, Kan., for respondents.

MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, who is currently an inmate at the Lansing Correctional Facility, Lansing, Kansas, was convicted on May 19, 1988, of aggravated robbery and aggravated battery. Petitioner was sentenced in accordance with the Habitual Criminal Act, K.S.A. 21–4504 and received a controlling sentence of twenty-five (25) to thirty (30) years. On October 27, 1989, petitioner's conviction was affirmed by the Kansas Supreme Court. —— Kan. ——, 782 P.2d 356 In this action, petitioner challenges his conviction and claims he was denied his constitutionally guaranteed right to present a defense.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual background*

Petitioner was charged following the robbery of a convenience store in Wichita, Kansas. The robber wore a ski mask and could not be identified by the convenience store clerk beyond a general description. Petitioner fit the general description of the assailant: white male; 5′10″ to 6′1″ tall; weight 160–170 pounds; and blond hair which showed under the ski mask. The assailant also drove a blue and white pickup truck.

The crucial evidence against petitioner was the testimony of a woman, Vera Croney, who claimed she was with petitioner in his blue and white truck when he put on a ski mask and blue coveralls, took a shotgun and went into the convenience store on the night and at the time of the robbery. Items taken from the store were never found or linked to petitioner. Although the convenience store clerk testified Croney had been in the store earlier in the evening of the robbery, the witness denied the accusation. This inconsistency in the testimony appears not to have affected the credibility of the witness in the eyes of the jury.

At trial, petitioner sought to introduce a police report as evidence that another per-

son, Terry Smith, committed the crime. Smith was also a white male with blond hair and of the same general build as petitioner. According to the report, on the morning of the robbery, Smith was fired from his job located two blocks from the convenience store. No one saw what vehicle Smith drove the day of the robbery, but he sometimes drove a blue truck. It was also indicated that Smith needed money and shortly after his firing stated he now had the money to buy a "$200.00 alarm clock" so he would not be late for work anymore. Evidence concerning Smith was gathered before evidence about petitioner was discovered.

The trial court ruled the evidence inadmissible on the basis that when a case is built on direct evidence such as Croney's testimony placing petitioner at the scene of the crime, circumstantial evidence that someone other than the defendant committed the crime is irrelevant absent other evidence to connect the third person to the crime. The Kansas Supreme Court affirmed and held that the constitution does not require trial courts to admit evidence of third-party culpability in the absence of a reasonable and nonremote connection to the crime.

Petitioner filed this action on August 16, 1990.

*Discussion*

■ The right to present a defense is fundamental. *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). However, a defendant's right to present evidence is not absolute. *Id.* Even relevant evidence can be excluded if there is a strong state interest in doing so. *Perry v. Rushen*, 713 F.2d 1447, 1450 (9th Cir.1983) *cert. denied* 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).

Where defendants' rights and the state's interests collide, the United States Supreme Court has found it unnecessary to articulate a flat test to determine when state rules of procedure or evidence impermissibly infringe upon constitutionally protected ground. Rather, the test appears to be a balancing of the interest of the defendant's right to present a defense against the state's interest in preserving rules of procedure and evidence designed to insure fairness and reliability in the ascertainment of guilt and innocence. *Id.* In *Perry*, the court suggested that a trial court should consider all the circumstances when evaluating the significance of the evidence a defendant wishes to introduce. These include: "its probative value on the central issue, its reliability, whether it is capable of evaluation by the finder of fact, whether it is the sole evidence on the issue or merely cumulative and whether it constitutes a major part of the attempted defense." *Id.* at 1452–53.

When weighing the state's interest, the court must: "determine the purpose of the rule, its importance, how well the rule implements this purpose, and how well the purpose applies to the case at hand." *Id.* at 1453. The court must give full weight to the "substantial state interest in preserving orderly trials, in judicial efficiency, [and] in excluding unreliable or prejudicial evidence." *Id.*

■ The evidentiary rule implicated in this case seems well settled in Kansas. Where circumstantial evidence is offered to rebut direct evidence, the court must determine whether the evidence tends to connect the third party to the crime or whether it serves to confuse the jury and defuse the issues. *State v. Neff*, 169 Kan. 116, 218 P.2d 248, *cert. denied* 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632 (1950). *State v. Hamons*, 248 Kan. 51, 805 P.2d 6, 13 (1991).

Here the trial court found, and the supreme court agreed, that the introduction of any evidence concerning Smith was too remote and was not reasonably connected to the crime. The admission of such evidence, therefore, would only serve to confuse the issue.

Using the previously stated balancing test, the probative value of the information concerning Smith is speculative and whether the jury could reasonably evaluate this information is also questionable. Although the evidence is not cumulative and does

constitute the major part of the defense, it appears to have little or no probative value.

On the other hand the state's interest in this rule is significant. The rule seems clearly designed to promote an orderly trial by excluding speculative evidence of third party culpability when direct evidence of defendant's guilt is readily available.

> "In general, anything in the conduct, appearance or declarations of a third person, subsequent to the commission of a crime for which another is on trial, which tends to connect such person with the crime, is admissible in evidence in behalf of the person charged to show that such other person, and not the accused, committed the crime. But before such testimony can be received, there must be such proof of connection with it, such train of facts or circumstances, as tends clearly to point out such other person as the guilty party. Remote acts, disconnected and outside the crime itself, cannot be separately proved for such a purpose."

29 Am.Jur.2d Evidence § 441.

Petitioner's proffered evidence concerning Smith falls short of the connection required. It is collateral and lacks the probative value necessary for admission. Its exclusion did not violate petitioner's constitutionally protected rights.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is denied.